# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRACTOR SUPPLY COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 15-0275** (BOR Appeal No. 2049724)
          (Claim No. 2012031109)

**JAMIE LIST,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tractor Supply Company, by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jamie List, by Allan N. Karlin, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2015, in which the Board reversed an August 1, 2014, Order of the Workers' Compensation Office of Judges in regards to the Office of Judges granting Ms. List an additional 6% permanent partial disability award. The Board of Review granted Ms. List a total of an 8% permanent partial disability award for her cervical spine injury and remanded the claim to the claims administrator to determine if Ms. List's left shoulder condition is a compensable component of the claim and enter an Order addressing this issue and if compensable, determine whether Ms. List is entitled to a permanent partial disability award for the left shoulder. In its Order, the Office of Judges reversed the claims administrator's April 3, 2013, decision granting Ms. List a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. List worked for Tractor Supply Company as a sales associate when she was injured on March 27, 2012, while lifting corral panels that weighed 75-100 pounds. The claim was held

1

compensable.[1] On April 3, 2013, the claims administrator granted Ms. List a 4% permanent partial disability award based on the report of P. Kent Thrush, M.D. Ms. List had four independent medical evaluations. Initially, Dr. Thrush examined Ms. List and recommended a 4% permanent partial disability award for the cervical spine and did not make an impairment recommendation for the left shoulder. Then, Bruce Guberman, M.D., found that Ms. List has 8% impairment for the cervical spine and 10% impairment for the left shoulder. Since Ms. List previously received a 4% permanent partial disability award, he recommended an additional 6% permanent partial disability award. Third, ChuanFang Jin, M.D., found that Ms. List has 15% impairment for the cervical spine and determined that it was not from the work injury but was due to pre-existing degenerative cervical spine disease. She found that the record did not document a shoulder injury and made no recommendation for a shoulder injury. Therefore, Dr. Jin recommended 0% impairment for this injury. Last, Bill Hennessey, M.D., recommended 5% impairment for Ms. List's cervical spine and found no permanent impairment for the left shoulder sprain. He therefore made a total recommendation of 5%.

The Office of Judges reversed the claims administrator's decision and granted Ms. List an additional 6% permanent partial disability award. The Board of Review reversed the Office of Judges' Order insofar as it granted an additional 6% permanent partial disability award and granted Ms. List an 8% permanent partial disability award for her neck injury. The Board of Review remanded the claim to the claims administrator with instructions to determine if Ms. List's left shoulder condition is a compensable component of the claim and enter a protestable Order addressing this issue. It further stated that if the claims administrator determines the left shoulder is compensable then the claims administrator should determine whether Ms. List is entitled to a permanent partial disability award for the left shoulder. On appeal, Tractor Supply Company disagrees and asserts that the Board of Review is clearly wrong in granting Ms. List an 8% permanent partial disability award for the cervical spine when the preponderance of the evidence establishes that Ms. List suffers from pre-existing degenerative changes of the cervical spine which were not excluded from the permanent partial disability award. Ms. List maintains that the permanent partial disability award was substantiated by the evidence of record and that there is no reliable evidence that Ms. List's injury is attributable to a pre-existing injury.

In regard to whether there was a pre-existing injury, Dr. Thrush acknowledged that there was no pre-injury MRI for comparison so it was impossible to know how long the bulge/herniation at C3-4 has been present. The Office of Judges noted that there is no evidence of Ms. List having pre-existing neck problems and that it is extreme for Dr. Jin to assign 100% of 15% impairment to degenerative conditions which were non-symptomatic previously. The Office of Judges also found that it is not proven that all of Ms. List's conditions pre-existed this injury and therefore, due to several factual errors, the Office of Judges concluded that Dr. Jin's report is not afforded a great deal of evidentiary weight.

The Office of Judges determined that Dr. Thrush's report is reliable as to the compensable injury and his review of the records. However, it found Dr. Thrush did not comply with West Virginia Code of State Rules §§ 85-20-64.1 & 64.4 (2006) which for a cervical spine

---

[1] The record does not state which conditions have been held compensable.

impairment requires that the physician must first rate the claimant under the range of motion model of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) and then identify the appropriate category in West Virginia Code of State Rules § Table 85-20-E and assign a rating from that category.

The Office of Judges found that Dr. Hennessey's report failed to include his range of motion findings of Ms. List's cervical spine and shoulder. Dr. Hennessey stated that there was no clinical evidence of a shoulder sprain in this claim. The Office of Judges determined that his report does not provide good memorialization of his range of motion findings or documentation that he took three measurements for the motions. Therefore, his report is not given a great deal of evidentiary weight.

Dr. Guberman properly rated Ms. List in compliance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and West Virginia Code of State Rules §85-20. He found 8% impairment for Ms. List's cervical spine and 2% impairment for loss of motion in her shoulder and thus recommended a total impairment of 10%. The Office of Judges concluded that Dr. Guberman's report provides the best evidence of Ms. List's impairment relative to her injuries in this claim. Therefore, the Office of Judges adopted his recommendation and found that Ms. List is due an additional 6% permanent partial disability award in this claim for a total of 10% permanent partial disability since she was previously awarded a 4% permanent partial disability award. The Board of Review agreed with the Office of Judges' analysis and conclusions regarding the amount of impairment that Ms. List has suffered as a result of her compensable neck injury. However, the Board of Review found that the Office of Judges' analysis and conclusions regarding Ms. List's impairment for the left shoulder were affected by an error of law. The Board of Review requested that the parties submit Orders addressing the compensable components of the claim and received a claims administrator's decision dated May 7, 2012, which stated the claim has been conditionally accepted for cervical strain. The Board of Review further received a claims administrator's decision dated November 20, 2012, which stated that the condition covered under this claim is a cervical strain. The Board of Review determined that it appears the claims administrator has not issued an Order determining whether or not the left shoulder is a compensable component of the claim and therefore a permanent partial disability award for the left shoulder is premature. The Board of Review remanded the claim to the claims administrator with instructions to determine whether the left shoulder is a compensable component of the claim and if so to determine the amount of impairment Ms. List has suffered as a result of the left shoulder injury.

This Court agrees with the findings and conclusions of the Board of Review. From the record, it does not appear that the claims administrator has issued an Order deciding if the left shoulder is compensable. Therefore, it must first be determined if the left shoulder is compensable before determining if Ms. List is entitled to a permanent partial disability award for the left shoulder. In regard to the cervical spine, Dr. Guberman properly applied the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and West Virginia Code of State Rules §85-20 in determining that Ms. List has 8% impairment for the cervical spine, and the Board of Review properly granted Ms. List an 8% permanent partial disability award for the cervical spine based on Dr. Guberman's report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4